IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RAYVELL VANN,<br><br>    Defendant. | No. 1:12-cr-00966-PJK-1 |

ORDER ON PENDING MOTIONS

THIS MATTER comes on for consideration of the following motions: (1) Defendant's Motion to Dismiss Information to Establish Prior Conviction Pursuant to 21 U.S.C. § 851 Enhancing Penalty filed July 23, 2013 (Doc. 203); (2) Defendant's Motion for Issuance of Subpoenas Pre-Hearing Production of Documents filed August 23, 2013 (Doc. 207); (3) Motion for Assistance of Counsel filed September 11, 2013 (Doc. 211); and (4) Motion to Set Aside Guilty Verdict filed September 11, 2013 (Doc. 212). Upon consideration thereof, the court will hold a hearing immediately prior to sentencing concerning motion (1), and will deny motions (2)-(4).

A.  Motion to Dismiss § 851 Information

The court notes that the government filed an Information pursuant to § 851 to increase punishment on October 11, 2012.  Doc. 66.  The government specified Defendant's conviction of possession of a controlled substance on June 14, 1989 in

Nebraska, and attached a copy of the judgment and sentence. Docs. 66 & 66-1. So Defendant's claim that the government has not complied with § 851(a) is unfounded. Defendant does not appear to deny the allegations of the information or claim that the conviction is invalid. § 851(b). Rather he suggests that the age of conviction renders it infirm for enhancement purposes. Section 851 does not contain an age limit on a conviction. United States v. Farragei, 327 F.3d 690, 696-697 (8th Cir. 2003). Instead, § 851(e) precludes a challenge to such a conviction where, as here, it occurred more than 5 years prior to the date of the information. United States v. Harris, 369 F.3d 1157, 1167 (10th Cir. 2004).

Defendant also contends that he is entitled to a hearing pursuant to § 851(c), that simple possession cannot be used to enhance his sentence, and that he is entitled to a jury trial on the enhancement. While it does not appear that an evidentiary hearing is required to resolve any disputed factual issues, the court will hold the hearing before sentencing. See United States v. Curet, 670 F.3d 296, 299-301 (1st Cir. 2012). The court rejects the idea that possession of a controlled substance is an inadequate predicate for enhancement under § 841(b)(1)(B). The statute merely requires "a prior conviction for a felony drug offense." 21 U.S.C. § 841(b)(1)(B). Finally, the existence of a prior conviction is not one that must be proven before a jury under Apprendi. See United States v. Almendarez-Torres, 523 U.S. 224, 239 (1998); United States v. Wilson, 244 F.3d 1208, 1216-1217 (10th Cir. 2001).

B.     Motion for Issuance of Subpoenas and Discovery

The information sought by Defendant's motion for subpoenas and discovery concerns custody of the controlled substance and is irrelevant to sentencing. The court has previously rejected similar discovery requests. (Doc. 141); see United States v. Abdush-Shakur, 465 F.3d 458, 467 (10th Cir. 2006).

C.     Motion for Assistance of Counsel

Defendant's request for the court to appoint the public defender as counsel should be denied. Defendant may call upon standby counsel (Doc. 200) to address the issues he feels that he needs help with.

D.     Motion to Set Aside Guilty Verdict

Finally, the motion to set aside the guilty verdict again seeks a new trial. The court previously rejected Defendant's motion for a new trial including the claim that he was convicted based on false or inadequate evidence. Doc. 195 at 4. To the extent that Defendant is seeking a new trial based on newly discovered evidence, claiming that Dr. Brazwell's testing and destruction of the PCP sample constitutes newly discovered evidence, the motion is meritless. The evidence (which at best might be impeaching) certainly is not newly discovered; Dr. Brazwell was on the Defendant's trial witness list as an expert on PCP issues; Doc. 163 at 2, and the evidence would be unlikely to produce an acquittal. See United States v. Torres, 569 F.3d 1277, 1280-1281 (10th Cir. 2009).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, and DECREED that:

(1) Defendant's Motion to Dismiss Information to Establish Prior Conviction Pursuant to 21 U.S.C. § 851 Enhancing Penalty filed July 23, 2013 (Doc. 203) is deferred until immediately prior to sentencing;

(2) Defendant's Motion for Issuance of Subpoenas Pre-Hearing Production of Documents filed August 23, 2013 (Doc. 207) is denied;

(3) Motion for Assistance of Counsel filed September 11, 2013 (Doc. 211) is denied; and

(4) Motion to Set Aside Guilty Verdict filed September 11, 2013 (Doc. 212) is denied.

DATED this 19th day of September 2013, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation