# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                                                            No. 12-CR-00966-PJK
                                                                                       No. 16-CV-01204-PJK-KRS

RAYVELL VANN,

    Defendant.

## ORDER DENYING LEAVE TO PROCEED ON APPEAL
## PURSUANT TO 28 U.S.C. § 1915 AND FED. R. APP. P. 24

THIS MATTER comes on for consideration of Defendant Rayvell Vann's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees (PLRA Form), filed December 8, 2017, CR Doc. 295; CV Doc. 25. Upon consideration thereof, the court finds that Mr. Vann's appeal is not taken in good faith and therefore his motion to proceed on appeal in forma pauperis should be denied.

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). Good faith is an objective standard that is satisfied where a defendant seeks appellate review of any issue that is not frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An appeal is taken in good faith if the appellant identifies "the existence of a reasoned, nonfrivolous argument

on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

In his motion, Mr. Vann states that he is requesting a certificate of appealability, claiming ineffective assistance of counsel because Dr. Brazwell was not subpoenaed as an expert witness. He contends that this testimony would have demonstrated a faulty chain of custody, established an inference that Mr. Vann never possessed the PCP, and would have cast doubt on Agent Small's testimony. He also maintains that the district court erred by not having an evidentiary hearing on his claim that counsel precluded him from testifying. CR Doc. 295 at 2; CV Doc. 25 at 2. The court previously denied a certificate of appealability. CR Doc. 290 at 4; CV Doc. 20 at 4.

To obtain a certificate of appealability, Mr. Vann "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Rejection of Mr. Vann's ineffective assistance of counsel claim is not reasonably debatable because he cannot demonstrate deficient performance or prejudice. CR Doc. 290 at 2; CV Doc. 20 at 2. Additionally, rejection of Mr. Vann's deprivation of the right to testify claim is not reasonably debatable because "Mr. Vann has never articulated what his testimony would have been; therefore, he cannot demonstrate a reasonable probability that the outcome of this proceeding would have been different." CR Doc. 290 at 2; CV Doc. 20 at 2. Mr. Vann has failed to identify the existence of a reasoned, nonfrivolous argument in support of his request for a certificate of appealability, and the court therefore denies his motion to proceed on appeal in forma pauperis.

The court certifies that Mr. Vann's appeal is not taken in good faith. Mr. Vann is advised that he may file a motion for leave to proceed on appeal in forma pauperis with the United States Court of Appeals for the Tenth Circuit within thirty (30) days after service of this Order. *See* Fed. R. App. P. 24(a)(5).

**IT IS THEREFORE ORDERED** that Mr. Vann's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees (PLRA Form) filed December 8, 2017, CR Doc. 295; CV Doc. 25, is **DENIED**; the court **CERTIFIES** that the appeal is not taken in good faith, and the court **DIRECTS** the clerk to notify the court of appeals of this denial and certification.

/s/ Paul Kelly Jr.
United States Circuit Judge
Sitting by Designation