# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| RAYVELL VANN,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 1:19-cv-00074-PJK-GJF<br>No. 1:12-cr-00966-PJK-1 |

## ORDER DISMISSING PETITIONER'S SECOND § 2255 MOTION

THIS MATTER is before the court on Petitioner Rayvell Vann's Second Motion to Vacate Sentence under 28 U.S.C. § 2255 (Civil ECF No. 1; Criminal ECF No. 301). Upon consideration thereof, the motion must be dismissed for lack of jurisdiction.

After a jury trial, Mr. Vann was convicted of two counts of possession of a controlled substance with intent to distribute. See Judgment, United States v. Vann, No. 1:12-cr-00966-PJK-1 (D.N.M. Oct. 30, 2013) (Criminal ECF No. 227). The Tenth Circuit affirmed after considering his challenges to the convictions and sentence. United States v. Vann, 776 F.3d 746 (10th Cir. 2015). Mr. Vann sought certiorari in the Supreme Court of the United States, which was denied. Vann v. United States, 136 S. Ct. 434 (2015). After his conviction became final, Mr. Vann filed a 28 U.S.C. § 2255 motion to vacate or set aside his sentence on the theory that his trial counsel rendered ineffective

assistance.  See Motion to Vacate, Vann v. United States, No. 1:16-cv-01204-PJK-KRS, ECF No. 2.  This court denied that motion.  See Amended Order, Vann v. United States, No. 1:16-cv-01204-PJK-KRS, 2017 WL 4792213 (D.N.M. Oct. 24, 2017) (ECF No. 20).  Mr. Vann then sought a certificate of appealability (COA) from the Tenth Circuit, but the Tenth Circuit denied his request and dismissed his appeal.  United States v. Vann, 715 F. App'x 865 (10th Cir. 2018).

Proceeding pro se, Mr. Vann has filed a second § 2255 motion challenging his sentence and claiming his due process rights were violated.  Federal law requires a movant in federal custody to obtain authorization to file a second § 2255 motion from the court of appeals.

> A second or successive motion must be certified as provided in [28 U.S.C.] section 2244 by a panel of the appropriate court of appeals to contain — (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Accordingly, because Mr. Vann has already filed a motion under § 2255, this court cannot consider his second § 2255 motion without the required certification from the Tenth Circuit.  See id. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").  Until he receives such certification, the instant motion must be dismissed because the court is "without jurisdiction to entertain it."  Burton v. Stewart, 549 U.S. 147, 153 (2007) (per curiam); see also United States v. Springer, 875 F.3d 968,

972–73 (10th Cir. 2017).  Additionally, the court declines to transfer this second motion to the Tenth Circuit under 28 U.S.C. § 1631, finding it would not be in the interest of justice to do so.  See In re Cline, 531 F.3d 1249, 1252–53 (10th Cir. 2008) (discussing when a district court should exercise its discretion to transfer a habeas petition).  The court also denies a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

    NOW, THEREFORE, IT IS ORDERED that Petitioner Rayvell Vann's Second Motion to Vacate (Civil ECF No. 1; Criminal ECF No. 301) filed January 25, 2019, is dismissed without prejudice for lack of jurisdiction and a certificate of appealability is denied.

    DATED this 13th day of February 2019, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation