IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYVELL VANN,

    Movant,

vs.                                          No. CV 19-00421 PJK/KBM
                                                 No. CR 12-00966 PJK

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER
DISMISSING MOVANT'S THIRD § 2255 MOTION**

**THIS MATTER** is before the court on the handwritten letter filed by Movant Rayvell Vann on May 1, 2019 (Civil ECF No. 1; Criminal ECF No. 305), which the court construes as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

After a jury trial, Movant Rayvell Vann was convicted of two counts of possession of a controlled substance with intent to distribute. See Judgment (Criminal ECF No. 227). The Tenth Circuit affirmed after considering his challenges to the convictions and sentence. United States v. Vann, 776 F.3d 746 (10th Cir. 2015). After his conviction became final, Movant Vann filed a 28 U.S.C. § 2255 motion to vacate or set aside his sentence on the theory that his trial counsel rendered ineffective assistance. See Motion to Vacate, Vann v. United States, No. 1:16-cv-01204-PJK-KRS, ECF No. 2. This court denied that motion. See Amended Order, Vann v. United States, No. 1:16-cv-01204-PJK-KRS, 2017 WL 4792213 (D.N.M. Oct. 24, 2017) (ECF No. 20). Mr. Vann then sought a certificate of appealability from the Tenth Circuit, but the

Tenth Circuit denied his request and dismissed his appeal. United States v. Vann, 715 F. App'x 865 (10th Cir. 2018).

Proceeding pro se, Movant Vann filed a second § 2255 motion on January 25, 2019, challenging his sentence and claiming his due process rights were violated. Vann v. United States, No. 1:19-cv-00074-PJK-GJF (ECF No. 1). This court dismissed Movant Vann's motion for lack of jurisdiction because it was a second § 2255 motion filed without the required authorization from the Tenth Circuit. See Order Dismissing Movant's Second § 2255 Motion, Vann v. United States, No. 1:19-cv-00074-PJK-GJF (Feb. 13, 2019) (ECF No. 3).

On May 1, 2019, the Court received a handwritten letter from Mr. Vann. (Civil ECF No. 1; Criminal ECF No. 305). In it, Movant Vann argued that the enhanced penalty for a prior drug conviction, 21 U.S.C. § 851, was improper because his civil rights had since been fully restored. (Civil ECF No. 1 at 1-2; Criminal ECF No. 305 at 1-2). The relief Movant Vann seeks is thus a correction of his sentence, and the court will construe the handwritten letter as a successive § 2255 motion. See, e.g., Peach v. United States, 468 F.3d 1269, 1270–71 (10th Cir. 2006).

Section 2255 provides that a second or successive motion must be certified in accordance with § 2244 by a panel of a court of appeals to contain: (1) newly discovered evidence that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court. 28 U.S.C. § 2255(h). Section 2244 requires that, before a second or successive application is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Until a movant receives the required authorization from the Tenth Circuit, this court is without

jurisdiction to entertain the motion and it must be dismissed. Burton v. Stewart, 549 U.S. 147, 153 (2007) (per curiam); see also United States v. Springer, 875 F.3d 968, 972-73 (10th Cir. 2017).

Movant Vann has filed his § 2255 motion without authorization from a court of appeals as required by § 2244(b)(3)(A). This court lacks jurisdiction to consider his motion absent the requisite authorization. When a second or successive § 2255 motion is filed in the district court without the required authorization from a court of appeals, the district court may dismiss or may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631. See In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Applying Cline, the court determines it is not in the interests of justice, declines to transfer, and will dismiss this matter for lack of jurisdiction. The court also determines, sua sponte under Rule 11(a) of the Rules Governing Section 2255 Cases, that Movant Vann has failed to make a substantial showing that he has been denied a constitutional right. Accordingly, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

**NOW, THEREFORE, IT IS ORDERED** that Movant Rayvell Vann's third motion to vacate, set aside, or correct sentence filed May 1, 2019 (Civil ECF No. 1; Criminal ECF No. 305) is dismissed without prejudice for lack of jurisdiction and a certificate of appealability is denied.

DATED this 15th day of May 2019, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation