IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYVELL VANN,

    Movant,

vs.                                                                          No. CV 20-00758 PJK/KRS
                                                                             No. CR 12-00966 PJK

UNITED STATES OF AMERICA,

    Respondent.

**ORDER DISMISSING FIFTH § 2255 PROCEEDING**

Before the Court are the handwritten motions filed by Movant Rayvell Vann (Civil ECF No. 1; Criminal ECF Nos. 314, 316, 318), which the court construes together as a fifth request to vacate or correct his sentence under 28 U.S.C. § 2255.

After a jury trial, Mr. Vann was convicted of two counts of possession of a controlled substance with intent to distribute. See Judgment (Criminal ECF No. 227). The Tenth Circuit affirmed after considering his challenges to the convictions and sentence. United States v. Vann, 776 F.3d 746 (10th Cir. 2015). Mr. Vann then filed a 28 U.S.C. § 2255 motion to vacate or correct his sentence on the theory that his trial counsel rendered ineffective assistance. See Motion to Vacate, Vann v. United States, No. 1:16-cv-01204-PJK-KRS (ECF No. 2). This court denied the motion. See Amended Order, Vann v. United States, No. 1:16-cv-01204-PJK-KRS (ECF No. 20). Mr. Vann then sought a certificate of appealability from the Tenth Circuit, but the request was denied. United States v. Vann, 715 F. App'x 865 (10th Cir. 2018).

Proceeding pro se, Mr. Vann filed a second § 2255 motion on January 25, 2019. Vann v. United States, No. 1:19-cv-00074-PJK-GJF (ECF No. 1). He challenged his sentence based on alleged due process violations. Id. This court dismissed the successive motion for lack of

jurisdiction, as Mr. Vann did not obtain the required authorization from the Tenth Circuit.  See Order Dismissing Second § 2255 Motion, Vann v. United States, No. 1:19-cv-00074-PJK-GJF (ECF No. 3).  A few months later, Mr. Vann filed a third motion.  See Handwritten Motion, Vann v. United States, No. 1:19-cv-00421-PJK-KBM (ECF No. 1).  He argued the enhanced penalty for a prior drug conviction, 21 U.S.C. § 851, was improper because his civil rights had since been fully restored.  Id.  The court construed the filing as a successive § 2255 motion and again dismissed the matter for lack of jurisdiction.  See Order Dismissing Third § 2255 Motion, Vann v. United States, No. 1:19-cv-00421-PJK-KBM (ECF No. 3).  Mr. Vann then filed a fourth motion alleging his enhanced penalty violates United States Supreme Court law.  See Motion to Reduce Sentence, Vann v. United States, No. 1:19-cv-00809-PJK-KBM (ECF No. 1).  This court again dismissed the matter as successive § 2255 motion.  See Order Dismissing Fourth § 2255 Motion, Vann v. United States, No. 1:19-cv-00809-PJK-KBM (ECF No. 7).

On February 10, 2020 and March 31, 2020, Mr. Vann filed two additional motions that "reassert[] a federal basis for relief from the petitioner's underlying conviction."  Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006) (addressing successive § 2255 filings).  The first motion is styled as a request to reduce sentence under 18 U.S.C. § 3582.  See Motion to Reduce Sentence, United States v. Vann, No. 1:12-cr-00966-PJK (ECF No. 314).  Mr. Vann again challenges the federal sentence enhancement, arguing a predicate Nebraska conviction does not qualify as a controlled substance offense.  Id.  In the next motion, filed March 31, 2020, Mr. Vann asserts his "actual innocence of [the] 21 U.S.C. § 851 enhancement" in light of Mathis v. United States, 136 S. Ct. 2243, 2248 (2016).  See Motion for Actual Innocence, United States v. Vann,

2

No. 1:12-cr-00966-PJK (ECF No. 316).[1]  On July 24, 2020, Mr. Vann filed another § 2255 motion on the official habeas form.  See Motion to Vacate, United States v. Vann, No. 1:12-cr-00966-PJK (ECF No. 318).  He argues counsel was ineffective for failing to challenge the § 851 enhancement.  Id.  The court will construe these motions as successive § 2255 filings.

As previously explained, district courts lack jurisdiction to address the merits of a successive § 2255 claim until the Tenth Circuit has granted the required authorization.  Where, as here, the motion is filed without authorization, the court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction."  In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008).  Relevant factors include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

Id. at 1251.  "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter …."  Id. at 1252.  To be meritorious, a second or successive claim must be based on a new rule of constitutional law, made retroactive to cases on collateral review, or newly discovered evidence establishing innocence.  28 U.S.C. § 2244(b)(2).

Applying Cline, the court determines a transfer is not in the interest of justice.  The instant motions do not cite a new rule of constitutional law, made retroactive on collateral review within

---

[1] Around the same time, Mr. Vann filed a handwritten request for a status hearing.  See Handwritten Letter, United States v. Vann, No. 1:12-cr-00966-PJK (ECF No. 315).  That request is moot because, as discussed below, the court lacks jurisdiction to consider Mr. Vann's challenge to his sentence enhancement.

3

the last year.  28 U.S.C. §§ 2244(b)(2), 2255(f).  The record contains no new information, aside from a 2019 letter from the Federal Public Defender's Office.  See Motion to Vacate, United States v. Vann, No. 1:12-cr-00966-PJK (ECF No. 318).  However, the letter discusses legal strategy and does not establish Mr. Vann's factual innocence.  Id. at 16.  The Tenth Circuit recently rejected Mr. Vann's motion for authorization to file a second or successive § 2255 motion on the grounds that his § 851 sentencing enhancement is invalid and that appellate counsel provided ineffective assistance of counsel.  United States v. Vann, No. 20-2105, Order at 2–4 (10th Cir. Aug. 26, 2020).  Mr. Vann is also not proceeding in good faith, based on his numerous successive § 2255 filings.  See Order Dismissing Fourth § 2255 Motion, Vann v. United States, No. 1:19-cv-00809-PJK-KBM (ECF No. 7) (setting out the procedural history of this case).

Accordingly, the court will dismiss the fifth § 2255 proceeding for lack of jurisdiction and deny the motion seeking a status hearing as moot (Criminal ECF No. 315).  The court also determines, under Habeas Corpus Rule 11(a), that Mr. Vann has failed to make a substantial showing that he has been denied a constitutional right.  The court will therefore deny a certificate of appealability.  28 U.S.C. § 2253(c)(2).  If Mr. Vann files another unauthorized § 2255 motion, the court will consider imposing filing restrictions.

**NOW, THEREFORE, IT IS ORDERED** that Movant Rayvell Vann's 28 U.S.C. § 2255 filings (Civil ECF No. 1; Criminal ECF No. 314, 316, and 318) are dismissed without prejudice for lack of jurisdiction; the motion for a status hearing (Criminal ECF No. 315) is denied as moot; and a certificate of appealability is denied.

DATED this 27th day of August 2020, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation