# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RAYVELL VANN,

    Defendant.

No. 1:12-cr-00966-PJK-SMV-1

# ORDER DENYING MOTION TO REDUCE SENTENCE

    THIS MATTER comes before the court on Defendant Rayvell Vann's pro se Motion to Reduce Sentence Pursuant to § 3582(c)(1)(A)(i), filed June 3, 2020. ECF No. 317. The court, being fully advised in the premises, finds that the motion is not well-taken and should be denied.

    Mr. Vann was convicted in 2013 of possession with intent to distribute phencyclidine (PCP) and codeine under 21 U.S.C. §§ 841(b)(1)(B) and (b)(1)(E)(3). ECF No. 227. Prior to trial, the government filed an Information pursuant to 21 U.S.C. § 851 of its intent to seek an enhanced sentence based on Mr. Vann's prior felony drug conviction. ECF No. 66. Mr. Vann's Sentencing Guidelines range was 234 to 293 months, but the court varied downward and sentenced him to 180 months' imprisonment and eight years' supervised release. The judgment was affirmed on direct appeal. United

States v. Vann, 776 F.3d 746 (10th Cir. 2013).  Mr. Vann has filed several unsuccessful post-conviction motions, the last of which the Tenth Circuit denied a certificate of appealability.  United States v. Vann, 715 F. App'x. 865 (10th Cir. 2018).

Mr. Vann seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ."  Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release.  Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ."  18 U.S.C. § 3582(c)(1)(A).  In January 2020, Mr. Vann filed such a request with the warden, which was denied in May 2020.  ECF No. 317.

Mr. Vann asserts that extraordinary and compelling circumstances exist, arguing that his sentence is too long given that the § 851 enhancement he received is no longer permissible under the First Step Act of 2018.  Id.  He also asserts that the § 3553(a) factors now weigh in favor of sentence reduction also because of the § 851 changes.  He further contends that he has already served eight years and his sentence is harsh given the

§ 851 enhancement.

    We may consider a motion for release under § 3582(c)(1)(A) if a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." Dillon v. United States, 560 U.S. 817, 826 (2010) (quoting 18 U.S.C. § 3582(c)(2)).[1] To determine if "extraordinary and compelling reasons" warrant release, we look to U.S.S.G. § 1B1.13 which defines "extraordinary and compelling reasons" under the guidelines. These reasons include the medical condition of the defendant, his age, family circumstances, or other reasons. U.S.S.G. § 1B1.13 cmt. n.1. Mr. Vann does not cite any medical condition, his age, or family circumstances and therefore relies on "other reasons" as the basis for his release. However, such other reason must be "[a]s determined by the Director of the [BOP]." U.S.S.G. § 1B1.13 cmt. n.1(D). "BOP Program Statement 5050.50 identifies several nonexclusive factors to determine whether 'other' extraordinary and compelling reasons exist." United States v. Saldana, 807 F. App'x 816, 819 (10th Cir. 2020); BOP Program Statement 5050.50 at 12 (2019). One such factor is: "Length of sentence and amount of time served." BOP Program Statement 5050.50 at 12 (2019).

    Mr. Vann is mistaken about the role of § 851. He was convicted under §§ 841(b)(1)(B) and (b)(1)(E)(3). The First Step Act of 2018 did not amend the

---

[1] Dillon referred to a motion under § 3582(c)(2), 560 U.S. at 826, however, the same language regarding keeping such reductions consistent with policy standards issued by the Sentencing Commission appears in 18 U.S.C. § 3582(c)(1)(A).

- 3 -

mandatory minimum sentence that results from an § 851 enhancement based on a prior conviction under those provisions.  See FIRST STEP Act, Pub. L. 115-391, § 401, 132 Stat. 5194, 5220–21 (2018); see also U.S. Sent'g Comm'n, The First Step Act of 2018: One Year of Implementation 8 (2020).  Further, the mandatory minimum for a violation of § 841(b)(1)(B) with an § 851 enhancement is ten years.  21 U.S.C. 841(b)(1)(B).  The guidelines range for Mr. Vann was 234 to 293 months, but the court varied downward for a sentence of 180 months.

In reply to the Government, Mr. Vann also asserts that extraordinary and compelling reasons exist due to the unprecedented COVID-19 pandemic.  However, issues and arguments first raised in reply are deemed waived.  United States v. Alvarez, 137 F.3d 1249, 1251 n.3 (10th Cir. 1998).  We also cannot modify Mr. Vann's sentence on this ground because he has failed to demonstrate that he raised the COVID-19 pandemic as a reason for compassionate release with the warden.  See United States v. Springer, 820 F. App'x 788, 791 (10th Cir. 2020); 18 U.S.C. § 3582(c)(1)(A).

Based on the foregoing, the court is not persuaded that extraordinary and compelling reasons exist for a sentence reduction.

NOW, THEREFORE, IT IS ORDERED that Defendant Rayvell Vann's pro se Motion to Reduce Sentence Pursuant to § 3582(c)(1)(A)(i), filed June 3, 2020 (ECF No. 317) is denied.

DATED this <u>10th</u> day of February 2021 at Santa Fe, New Mexico.

<u>Paul Kelly, Jr.</u>
United States Circuit Judge
Sitting by Designation