IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAYVELL VANN,

    Movant,

vs.                                                              No. CR 12-00966 PJK

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**DISMISSING MOVANT'S SEVENTH § 2255 MOTION**

    Before the court is the handwritten motion filed by Movant Rayvell Vann ostensibly seeking a reduction of sentence under the Fair Sentencing Act of 2018. (ECF No. 332). The Motion is brought pursuant to 18 U.S.C. § 3559(c)(2), but § 3559(c)(2) is merely a definitional section. Therefore, the court construes Mr. Vann's motion as a seventh successive motion under 28 U.S.C. § 2255. For Mr. Vann's history of successive § 2255 motions, see Order Dismissing Sixth § 2255 Motion, Vann v. United States, No. 1:19-cr-00966-PJK (ECF No. 330).

    As previously explained, district courts lack jurisdiction to address the merits of a successive § 2255 claim until the Tenth Circuit has granted the required authorization. Where, as here, the motion is filed without authorization, the court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so under

§ 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Relevant factors include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

Id. at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter . . . ." Id. at 1252. To be meritorious, a second or successive claim must be based on a new rule of constitutional law, made retroactive to cases on collateral review, or newly discovered evidence establishing innocence. 28 U.S.C. § 2244(b)(2). Applying Cline, the court determines a transfer is not in the interest of justice. The instant motion does not cite a new rule of constitutional law, made retroactive on collateral review within the last year. 28 U.S.C. §§ 2244(b)(2), 2255(f). The record contains no new information.

Accordingly, the court will dismiss the seventh § 2255 proceeding for lack of jurisdiction.

NOW, THEREFORE, IT IS ORDERED that Movant Rayvell Vann's seventh 28 U.S.C. § 2255 motion (ECF No. 332) is dismissed without prejudice for lack of jurisdiction and a certificate of appealability is denied.

DATED this 5th day of March 2021, at Santa Fe, New Mexico.

Paul Kelly, Jr.<br>
United States Circuit Judge<br>
Sitting by Designation