# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RAYVELL VANN,<br><br>    Defendant. | No. 1:12-cr-00966-PJK-SMV-1 |

## ORDER ON MOTION FOR RECONSIDERATION (ECF No. 336)

THIS MATTER comes before the court on Defendant Rayvell Vann's pro se Motion for Reconsideration, filed May 20, 2021. ECF No. 336. The court, being fully advised in the premises, finds that the motion should be construed as a successive 28 U.S.C. § 2255 claim and dismissed for lack of jurisdiction.

Mr. Vann was convicted in 2013 of possession with intent to distribute phencyclidine (PCP) and codeine under 21 U.S.C. §§ 841(b)(1)(B) and (b)(1)(E)(3). ECF No. 227. Prior to trial, the government filed an Information pursuant to 21 U.S.C. § 851 of its intent to seek an enhanced sentence based on Mr. Vann's prior felony drug conviction. ECF No. 66. Mr. Vann's Sentencing Guidelines range was 234 to 293 months, but the court varied downward and sentenced him to 180 months' imprisonment and eight years' supervised release. The judgment was affirmed on direct appeal. United

States v. Vann, 776 F.3d 746 (10th Cir. 2013). Mr. Vann has filed several unauthorized § 2255 motions.

Mr. Vann filed a Motion for Reduction of Sentence under 18 U.S.C. § 3559(c)(2) on February 26, 2021. ECF No. 332. On March 5, 2021, this court construed the motion as a seventh successive § 2255 motion and dismissed it for lack of jurisdiction. ECF No. 334. Mr. Vann's current Motion asks that the court amend his Motion for Reduction of Sentence under 18 U.S.C. § 3559(c)(2) as arising under 18 U.S.C. § 3582(c)(1)(B). ECF No. 336. Mr. Vann then reasserts the argument he raised in that February 26, 2021 motion — and the argument he has raised several times earlier — challenging his federal sentence enhancement, arguing a predicate Nebraska conviction does not qualify as a controlled substance offense. ECF No. 336; see also ECF No. 332, ECF No. 314. The court has construed these attempts as successive § 2255 motions. See ECF No. 322.

While Mr. Vann did not specify which rule his Motion for Reconsideration was made pursuant to, as Mr. Vann filed this Motion for Reconsideration after twenty-eight days from the court's entry of judgment, this court would treat it as a motion for relief under Rule 60(b). See Price v. Philpot, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); Fed. R. Civ. P. 59(e).

Mr. Vann's motion largely reasserts claims he previously raised in his prior motions. As such, this court construes Mr. Vann's Rule 60(b) motion as a successive § 2255 motion. See Spitznas v. Boone, 464 F.3d 1213, 1215–16 (10th Cir. 2006). As previously explained, district courts lack jurisdiction to address the merits of a successive

§ 2255 claim until the Tenth Circuit has granted the required authorization. Where, as here, the motion is filed without authorization, the court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).

"Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter . . . ." Id. at 1252. To be meritorious, a second or successive claim must be based on a new rule of constitutional law, made retroactive to cases on collateral review, or newly discovered evidence establishing innocence. 28 U.S.C. § 2244(b)(2). Applying Cline, the court determines a transfer is not in the interest of justice. The instant motion does not cite a new rule of constitutional law, made retroactive on collateral review within the last year. 28 U.S.C. §§ 2244(b)(2), 2255(f). The record contains no new information.

Accordingly, the court will dismiss this eighth § 2255 proceeding for lack of jurisdiction.

NOW, THEREFORE, IT IS ORDERED that Defendant Rayvell Vann's pro se Motion for Reconsideration, filed May 20, 2021 (ECF No. 336), is construed as a successive § 2255 motion and is dismissed without prejudice for lack of jurisdiction. A certificate of appealability is denied.

DATED this <u>28th</u> day of May 2021 at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation