# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

RAYVELL VANN,

    Defendant.

No. 1:12-cr-00966-PJK-SMV-1

# MEMORANDUM OPINION AND ORDER DENYING MOTION FOR REDUCTION OF SENTENCE (ECF No. 345) AND PROPOSING FILING RESTRICTIONS

    Before the court is the handwritten motion filed by pro se Movant Rayvell Vann seeking a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A). ECF No. 345. Mr. Vann is currently serving a 180-month sentence with an anticipated release date of February 15, 2025. ECF Nos. 227, 349. The court has previously denied a motion for reduction of sentence on the merits, and Mr. Vann did not appeal. ECF No. 329.

    Mr. Vann has also filed numerous motions seeking a reduction of sentence, which the court has construed as successive 28 U.S.C. § 2255 motions and dismissed for lack of jurisdiction. ECF Nos. 334 & 344. The court finds that the instant motion should be construed as a successive § 2255 motion and be dismissed for lack of jurisdiction as well. Prior to these filings, the court has also dismissed numerous other successive § 2255

motions.  See ECF Nos. 303, 307, 312, 322, 330.  Due to Mr. Vann's numerous successive filings, the court now proposes filing restrictions.

## Background

In a 2013 jury trial, Mr. Vann was convicted of two counts of possession of a controlled substance with intent to distribute.  See Judgment (Criminal ECF No. 227).  On direct appeal, the Tenth Circuit affirmed after considering his challenges to the convictions and sentence.  United States v. Vann, 776 F.3d 746 (10th Cir. 2015).  Mr. Vann then filed a 28 U.S.C. § 2255 motion arguing ineffective assistance of counsel.  See Motion to Vacate, Vann v. United States, No. 16-cv-01204, ECF No. 2.  This court denied the motion.  See Amended Order, Vann v. United States, No. 16-cv-01204, ECF No. 20.  Mr. Vann then sought a certificate of appealability (COA) from the Tenth Circuit, but the request was denied.  United States v. Vann, 715 F. App'x 865 (10th Cir. 2018).

Proceeding pro se, Mr. Vann filed a second § 2255 motion on January 25, 2019.  Vann v. United States, No. 19-cv-00074, ECF No. 1.  He challenged his sentence based on alleged due process violations.  Id.  This court dismissed the successive motion for lack of jurisdiction, as Mr. Vann did not obtain the required authorization from the Tenth Circuit.  See Order Dismissing Second § 2255 Motion, Vann v. United States, No. 19-cv-00074, ECF No. 3.

A few months later, Mr. Vann filed a third motion.  See Handwritten Motion, Vann v. United States, No. 19-cv-00421, ECF No. 1.  He argued the enhanced penalty for

a prior state drug conviction, 21 U.S.C. § 851, was improper because his civil rights had since been fully restored. Id. The court construed the filing as a successive § 2255 motion and again dismissed the matter for lack of jurisdiction. See Order Dismissing Third § 2255 Motion, Vann v. United States, No. 19-cv-00421, ECF No. 2.

Mr. Vann then filed a fourth motion challenging his sentence based upon a variety of grounds. See Motion to Reduce Sentence, Vann v. United States, No. 19-cv-00809, ECF No. 1. This court again dismissed the matter as a successive § 2255 motion. See Order Dismissing Fourth § 2255 Motion, Vann v. United States, No. 19-cv-00809, ECF No. 7.

Mr. Vann then filed three additional motions: first challenging the federal sentencing enhancement on the grounds that his predicate Nebraska conviction does not qualify as a controlled substance offense; second asserting his actual innocence of the 21 U.S.C. § 851 enhancement based on Supreme Court precedent; and third arguing that counsel was ineffective for failing to challenge the § 851 enhancement. See Motion to Reduce Sentence, United States v. Vann, No. 12-cr-00966, ECF No. 314; Motion for Actual Innocence, United States v. Vann, No. 12-cr-00966, ECF No. 316; Motion to Vacate, United States v. Vann, No. 12-cr-00966, ECF No. 318. The court construed the three motions as a fifth successive § 2255 motion and dismissed. See Order Dismissing Fifth § 2255 Motion, Vann v. United States, No. 19-cr-00966, ECF No. 322.

Mr. Vann proceeded to file a sixth motion that challenged his sentence as being inconsistent with the § 851 enhancement. See Motion to Vacate, United States v. Vann,

- 3 -

No. 12-cr-00966, ECF No. 326.  Once again, this court dismissed the motion for a lack of jurisdiction construing it as a sixth successive § 2255 motion.  See Order Dismissing Sixth § 2255 Motion, Vann v. United States, No. 19-cr-00966, ECF No. 330.

Mr. Vann then filed a subsequent motion seeking a reduction of sentence under the Fair Sentencing Act of 2018.  ECF No. 332.  This court construed the motion as a seventh successive § 2255 motion, dismissing yet again for lack of jurisdiction.  See Order Dismissing Seventh § 2255 Motion, Vann v. United States, No. 19-cr-00966, ECF No. 334.

Mr. Vann subsequently filed a motion for reconsideration regarding the dismissal of his seventh successive § 2255 motion.  ECF No. 336.  This court again construed the motion as a successive § 2255 motion and dismissed this eighth motion.  See Order on Motion for Reconsideration, Vann v. United States, No. 19-cr-00966, ECF No. 337.

Mr. Vann then filed another motion seeking a reduction in sentence in addition to various other documents in connection with his request.  ECF Nos. 341, 342, 343.  Though ostensibly filed under 18 U.S.C. § 3582(c)(1)(A), this court again found that this type of challenge to the validity of his sentence constitutes a § 2255 motion, dismissing this ninth successive motion for lack of jurisdiction yet again.  See Order Denying Motion for Reduction of Sentence, Vann v. United States, No. 19-cr-00966, ECF No. 344.  The court noted that it had previously dealt with a motion for reduction of sentence and denied it on the merits.  Id.

Before the court now is Mr. Vann's most recent motion for a sentence reduction.

ECF No. 345. He again challenges the validity of his sentence with respect to the § 851 enhancement. Id.

### Discussion

**A. Motion for Reduction of Sentence**

In the instant motion, Mr. Vann once again challenges his federal sentence enhancement, arguing that if he were sentenced today the § 851 enhancement would not apply. ECF No. 345. As the court has explained many times, such would be a challenge to the validity of his sentence and sound in a § 2255 motion. See, e.g., ECF No. 330, 334, 337, 344. Accordingly, the court construes this motion as a successive § 2255 motion.

District courts lack jurisdiction to address the merits of a successive § 2255 claim until the Tenth Circuit has granted the required authorization. Where, as here, the motion is filed without authorization, the court may transfer the matter to the Tenth Circuit "if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008).

"Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter . . . ." Id. To be meritorious, a successive claim must be based on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court or be based on newly discovered evidence establishing innocence. 28 U.S.C. § 2244(b)(2). Applying Cline, the court determines a transfer is

not in the interest of justice. The instant motion does not cite a new rule of constitutional law made retroactive on collateral review within the last year. 28 U.S.C. §§ 2244(b)(2), 2255(f). The record contains no new information. Accordingly, the court dismisses this tenth successive § 2255 motion for lack of jurisdiction.

### B. Filing Restrictions

As discussed above, Mr. Vann has continuously attempted to raise claims and arguments that have all been resolved by prior court orders. "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." In re Winslow, 17 F.3d 314, 315 (10th Cir. 1994) (alteration omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances." Andrews v. Heaton, 483 F.3d 1070, 1077 (10th Cir. 2007). Filing restrictions are appropriate where the court describes the litigant's abusive filing history; the court provides guidance as to how the litigant may seek permission to file an action in the future; and the litigant is afforded notice and opportunity to oppose the court's order before it is entered. See id.

Mr. Vann's extensive filing history is catalogued above. Since the beginning of 2021 alone, Mr. Vann has filed, and this court has dismissed, four separate and successive motions construed as § 2255 motions for lack of jurisdiction. ECF Nos. 330, 334, 337, 344. Today's dismissal will be the fifth. Mr. Vann continues to raise substantially similar claims and arguments in each successive § 2255 motion without

regard to the court's repeated explanations and orders of dismissal.

Accordingly, this court concludes that Mr. Vann's filings in this action warrant imposing filing restrictions limited to the claims brought in his successive motions and arguments related to those claims. Therefore, Mr. Vann will be restricted from filing any further pro se filings with this court raising claims that have already been decided. The Clerk will be directed to return any such motions filed by Mr. Vann.

Mr. Vann will have 15 days from the date of this order to file written objections to this court's proposed filing restrictions. Any response shall be limited to 10 pages. If no objections are filed, the proposed restrictions will take effect 20 days from the date of this order. If Mr. Vann timely files written objections, the proposed filing restrictions will only take effect if the court rules against Mr. Vann's objections.

NOW, THEREFORE, IT IS ORDERED that Defendant Rayvell Vann's pro se motion for a sentence reduction under § 3582(c)(1)(A), filed August 10, 2021 (ECF No. 345), is DISMISSED. Mr. Vann's objections, if any, to the proposed filing restrictions described above are due within 15 days of this order.

DATED this <u>14th</u> day of September 2021 at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:
Rayvell Vann, pro se

Rumaldo R. Armijo, Assistant United States Attorney (and Fred J. Federici, Acting United States Attorney), Albuquerque, New Mexico, for Plaintiff United States.