UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | No. 1:12-cr-00966-PJK-SMV-1 |
| RAYVELL VANN, | |
| Defendant. | |

ORDER DENYING MOTION TO REDUCE SENTENCE

THIS MATTER comes before the court on Defendant Rayvell Vann's pro se Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed August 16, 2022. ECF No. 358. The court finds that the motion is not well-taken and should be denied.

On October 4, 2021, this court imposed restrictions preventing Mr. Vann from filing pro se pleadings raising claims brought in his successive and unauthorized 28 U.S.C. § 2255 motions. ECF No. 353. Mr. Vann has filed numerous motions challenging the validity of his sentence which have been construed as successive § 2255 motions and dismissed. ECF No. 350, at 2–4. Here, Mr. Vann contends that "intervening changes in the law" and a "sentencing disparity" among defendants who received 21 U.S.C. § 851 enhancements warrant a reduction in his sentence. ECF No.

358, at 2. These arguments essentially challenge the validity of his sentence and sound in § 2255. See United States v. Arojojoye, 806 F. App'x 475, 478 (7th Cir. 2020) (unpublished). Thus, this part of the motion violates the court's order imposing filing restrictions and will not be considered.

Mr. Vann also argues that a sentence reduction is warranted because he has served over ten years of his sentence, he "turned his life around" in prison, and various health issues put him at high risk for contracting COVID-19. ECF No. 358, at 3–4. As these arguments do not challenge the validity of his sentence, the court will consider them. A sentence reduction requires (1) administrative exhaustion, (2) "extraordinary and compelling reasons" to support it, (3) consistency with the applicable policy statements of the Sentencing Guidelines, and (4) consideration of the 18 U.S.C. § 3553(a) sentencing factors as applicable. 18 U.S.C. § 3582(c)(1)(A); United States v. Hemmelgarn, 15 F.4th 1027, 1029 (10th Cir. 2021). A court may deny a sentence reduction where any of these prerequisites are lacking without addressing the others. United States v. McGee, 992 F.3d 1035, 1043 (10th Cir. 2021).

The applicable policy statements define "extraordinary and compelling reasons" and must be considered. Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Price, No. 21-7050, — F.4th —, 2022 WL 3440347, at *6 (10th Cir. Aug. 17, 2022). These reasons include: a terminal illness; a serious physical or mental condition; or a defendant that is over 65 years old, experiencing serious deterioration in mental or physical health, and has served at least ten years or 75 percent of his prison term,

whichever is less.  U.S.S.G. § 1B1.13 cmt. 1.  Mr. Vann does not satisfy any of these reasons as he does not allege a terminal or serious illness and he is not over 65 years old.  ECF No. 358, at 1, 4.  Moreover, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason."  U.S.S.G. § 1B1.13 cmt. 3; see also 28 U.S.C. § 994(t).  The court is not persuaded that extraordinary and compelling reasons for a sentence reduction exist.

NOW, THEREFORE, IT IS ORDERED that Mr. Vann's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed August 16, 2022 (ECF No. 358), is DENIED.  The court reminds Mr. Vann that the filing restrictions imposed on October 4, 2021 (ECF No. 353), remain in place.

DATED this 1st day of September 2022 at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation