UNITED STATES DISTRICT COURT+

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>RAYVELL VANN,<br><br>    Defendant. | No. 1:12-cr-00966-PJK-SMV-1 |

**ORDER DENYING MOTION TO LIFT PRO SE FILING RESTRICTIONS OR APPOINT COUNSEL (ECF No. 366)**

THIS MATTER comes before the court on Defendant Rayvell Vann's pro se Motion to Lift Pro Se Filing Restrictions or Appoint Counsel filed October 6, 2022. ECF No. 366. There is no certificate of service indicating that Mr. Vann served the government, but a response is unnecessary because the motion is not well taken and should be denied.

On October 4, 2021, this court imposed restrictions preventing Mr. Vann from filing pro se pleadings raising claims brought in his successive and unauthorized 28 U.S.C. § 2255 motions. ECF No. 353. No appeal was taken from that order.

Mr. Vann has filed numerous motions challenging the validity of his sentence which have been construed as successive § 2255 motions and dismissed. ECF No. 350, at 2–4; see also United States v. Vann, No. 21-2065, 2021 WL 4891649, at *1 (10th Cir.

Oct. 20, 2021) (denying a COA, noting that "[s]ince 2019, Mr. Vann has filed at least seven motions that the district court has dismissed because they were unauthorized second or successive § 2255 motions").  Mr. Vann now argues that filing restrictions should be lifted and counsel appointed given changes to the Sentencing Guidelines and certain acts.

"[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."  Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989).  Moreover, federal courts enjoy inherent power to impose carefully tailored restrictions on abusive litigants in appropriate circumstances.  Cotner v. Hopkins, 795 F.2d 900 902 (10th Cir. 1986).  In light of Mr. Vann's failure to appeal those restrictions and his repeated and similar challenges to his sentence on the same grounds, it is clear the filing restrictions are necessary and appropriate.  Moreover, Mr. Vann does not provide a legitimate and specific reason to lift the imposed filing restrictions.

Further, for the same reason this court gave when Mr. Vann last sought appointment of counsel, ECF No. 356, this court declines to exercise its discretion to appoint counsel as the "merits do not appear colorable."  See United States v. Baker, 586 F. App'x 458, 460 (10th Cir. 2014) (unpublished).  As discussed, the claims Mr. Vann desires to make through counsel appear no different than the numerous previous challenges he has raised.

NOW, THEREFORE, IT IS ORDERED that Mr. Vann's Motion to Lift Pro Se Filing Restrictions or Appoint Counsel filed October 6, 2022 (ECF No. 366) is denied.

DATED this <u>10th</u> day of November 2022 at Santa Fe, New Mexico.

<u>/s/ Paul Kelly, Jr.</u>
United States Circuit Judge
Sitting by Designation