UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>RAYVELL VANN,<br><br>   Defendant. | No. 1:12-cr-00966-PJK-SMV-1 |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

  THIS MATTER comes before the court on remand from the Tenth Circuit. United States v. Vann, No. 22-2111, 2023 WL 2360495 (10th Cir. Mar. 6, 2023) (unpublished). As directed, the court now reconsiders Defendant Rayvell Vann's pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 358. Mr. Vann argues that his age, rehabilitation, amount of time served, health concerns, and an intervening change in law constitute extraordinary and compelling reasons that warrant compassionate release. The court finds that the motion is not well taken and should be denied.

## Background

  Mr. Vann was convicted by a jury in 2013 of possessing PCP and codeine with intent to distribute. While the PCP charge normally carried a five-year mandatory

minimum sentence, Mr. Vann had a prior conviction for possessing a controlled substance that raised the mandatory minimum to ten years. See 21 U.S.C. § 841(b)(1)(B) (2012). Notwithstanding the mandatory minimum, this court sentenced Mr. Vann to fifteen years as to the PCP conviction, a twelve-month concurrent sentence as to the codeine conviction, and eight years' supervised release.[1] See ECF No. 227.

On August 16, 2022, Mr. Vann filed a pro se motion seeking compassionate release. ECF No. 358. Mr. Vann argued that, if sentenced today, he would not have received an enhanced sentence under 21 U.S.C. § 851, which increased the mandatory minimum sentence he faced from five to ten years. The court denied the requested relief in part because it construed Mr. Vann's argument concerning a change in law as sounding in 28 U.S.C. § 2255 and thus would not be considered. See ECF No. 359.

On appeal, the Tenth Circuit reversed because changes in law, even those not made retroactive, can properly be considered as supporting a motion for compassionate release. Vann, 2023 WL 2360495, at *1 (citing United States v. McGee, 992 F.3d 1035, 1047–48 (10th Cir. 2021)). Given what appeared to be a ten-year disparity in the mandatory minimum sentences — in reality, five years — and the fact that this court sentenced pursuant to the mandatory minimum — it did not — the panel reasoned that this could affect this court's wide discretion in granting compassionate release. Id.

---

[1] Based on the government's appellate brief, it appears the Tenth Circuit panel mistakenly assumed that the mandatory minimum Mr. Vann faced at sentencing was fifteen years, and that the court imposed its sentence pursuant to that minimum. See Vann, 2023 WL 2360495, at *1. The court sought clarification from the government and it has conceded the error. See ECF No. 374.

## Discussion

Under 18 U.S.C. § 3582(c)(1), as amended by the First Step Act, a district court may grant a motion for compassionate release "only if three requirements are met: (1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the district court considers the factors set forth in § 3553(a), to the extent that they are applicable." McGee, 992 F.3d at 1042.

As to the first step, district courts have the authority to determine themselves what constitutes extraordinary and compelling reasons. Id. at 1045. As to the second step, in the absence of a revised policy statement, no policy statement is currently applicable to Mr. Vann's directly filed motion. Id. at 1050. Thus, a district court's discretion at step one remains unconstrained.[2] Id. As to the third step, district courts must consider any relevant § 3553(a) factors and "determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case." Id. at 1042 (brackets in original) (quoting United States v. Jones, 980 F.3d 1098, 1108 (6th Cir. 2020)).

Applying this framework, Mr. Vann has failed to establish compelling and

---

[2] The United States Sentencing Commission recently adopted proposed amendments to § 1B1.13, which were submitted to Congress on April 27, 2023. See U.S. Sentencing Comm'n, Amendments to the Sentencing Guidelines (Apr. 27, 2023), https://www.ussc.gov/guidelines/amendments [hereinafter Amendments]. The proposed amendments by their own terms have a proposed effective date of November 1, 2023. Thus, this court's analysis remains the same.

3

extraordinary reasons at step one. As for the intervening change in law, the court recognizes that had Mr. Vann been sentenced today he would face only a five-year mandatory minimum as opposed to the ten-year minimum he faced when sentenced. However, the court did not sentence Mr. Vann according to the ten-year minimum; it sentenced him to fifteen years, which was a below-Guidelines sentence given Mr. Vann's total offense level of 34 and criminal history category V (235–293 months).[3] Thus, a five-year difference in mandatory minimums in this case does not constitute extraordinary and compelling reasons as it is irrelevant in any material respect. Having had the opportunity to impose a ten-year sentence, the court declined and instead imposed a fifteen-year sentence after considering the relevant factors in 18 U.S.C. § 3553(a).

The court also notes that in his reply brief, Mr. Vann raises a new argument — that there was an insufficient basis for his offense level of 34 because the drug quantity was based in part on the uncorroborated testimony of Agent Small. Reply Br. at 2–6 (ECF No. 377); see also United States v. Dalton, 409 F.3d 1247, 1251 (10th Cir. 2005). According to Mr. Vann, his correct offense level today, taking into account the two-level

---

[3] The government also points out that the drug quantity tables have been amended to reduce most drug quantities by two levels and that the amendment is retroactive. See U.S.S.G. amend. 782. Applying those tables would result in a total offense level of 32, resulting in an estimated guideline range of 188–235 months imprisonment. ECF No. 374, at 9. The sentence Mr. Vann received fell below that. The court notes that a court cannot reduce a prison term under 18 U.S.C. § 3582(c)(2) to a length shorter than the minimum of a revised guidelines range unless the original sentence was below the guideline range "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S.S.G. § 1B1.10(b)(2)(A)-(B); see also Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Chronister, 663 F. App'x 642, 644 & n.1 (10th Cir. 2016) (unpublished). The government made no such motion in this case.

4

reduction the government so concedes, should therefore be 24 with a corresponding guidelines range of 92–115 months. Reply Br. at 2–6. This argument, which was raised for the first time in his reply is waived. United States v. Leffler, 942 F.3d 1192, 1197 (10th Cir. 2019). Moreover, a compassionate release motion is not the right vehicle for this claim which appears to be procedurally barred, not having been raised on direct appeal nor in an authorized 28 U.S.C. § 2255 motion. See United States v. Wesley, 60 F.4th 1277, 1280–86 (10th Cir. 2023). Regardless, assuming this claim is appropriately considered in the compassionate release context, the court nonetheless stands by its original finding (after an evidentiary hearing where Agent Small and Mr. Vann both testified) that the government met its burden with respect to the quantity supporting the offense level employed. See ECF No. 260, at 27–30; see also ECF No. 174; ECF No. 265, at 159–162 (Trial Transcript). Thus, it does not change the court's calculus in its determination of extraordinary and compelling reasons.

As for his health concerns, Mr. Vann suffers from high blood pressure, high cholesterol, and obesity, which also puts him at risk of severe illness should he contract COVID-19. While Mr. Vann is right that his medical conditions place him at heightened risk of severe illness from COVID-19,[4] his claim is undermined by the fact that (1) he has already contracted and recovered from COVID-19 and provides no evidence of any

---

[4] According to guidance from the CDC, individuals with obesity and possibly high blood pressure are at heightened risk of severe illness from COVID-19. See COVID-19, People with Certain Medical Conditions, Ctrs. for Disease Control & Prevention (Feb. 10, 2023), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

severe medical complications he suffered; and (2) he has refused to be vaccinated against COVID-19 or otherwise take medication to manage at least one of his underlying conditions that places him at heightened risk.[5] See United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021); see also United States v. Hemmelgarn, 15 F.4th 1027, 1032 (10th Cir. 2021); United States v. Snyder, No. 22-3089, 2023 WL 370901, at *2 (10th Cir. Jan. 24, 2023) (unpublished). Thus, while his health concerns are legitimate, vaccination can effectively manage his risk and he fails to demonstrate extraordinary and compelling reasons based on his health.

As for his rehabilitation,[6] rehabilitation cannot by itself constitute extraordinary and compelling reasons. See 28 U.S.C. § 994(t). His final arguments concerning his age and time served do not tip the scale either. As the government correctly points out, Mr. Vann has failed to show what is extraordinary about the fact he is fifty-five and has already served over ten years of his fifteen-year sentence. Moreover, the court was aware of his age when sentencing him.[7] Thus, even considering Mr. Vann's circumstances in

---

[5] As for Mr. Vann's high blood pressure, the court finds that his documented refusal of treatment for it, see ECF Nos. 374-10 & 374-11, while not dispositive, cuts against a finding of compelling and extraordinary reasons. The justifications for his refusal in his reply brief are to no avail. According to the relevant agencies, vaccines are safe and effective, see United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021), and as for his high blood pressure, his medical records reveal that medical staff urged treatment and explicitly discussed the benefits with him, which contradicts his statement that there is no way for him to effectively control it. See ECF Nos. 374-10 & 374-11.

[6] Mr. Vann states he has accepted responsibility for his actions, completed cognitive thinking programs and a business management class, started a clothing company, and written children's books. See ECF No. 358.

[7] In addition, under the non-applicable pre-First Step Act policy statement, a finding of extraordinary and compelling reasons is warranted only if a defendant is over 65 years old and has served over ten years of his sentence. U.S.S.G. § 1B1.13 Application Note

their totality — a change in mandatory minimums when the original higher minimum had little to no impact on the court's sentence; serious but manageable health issues; some indicia of rehabilitation; and being fifty-five after having served over ten years[8] — the court finds Mr. Vann has failed to establish extraordinary and compelling reasons that warrant a sentence reduction.

Even if such reasons do exist, the court nonetheless finds that the factors set forth in § 3553(a) are inconsistent with and do not support a sentence reduction.  Early release for Mr. Vann will not "promote respect for the law" or "provide just punishment."  See 18 U.S.C. § 3553(a)(2)(A).  In 2013, the court determined a fifteen-year sentence was necessary to meet these sentencing goals among others given the nature of his offense and his extensive criminal history.  The court's conclusion in that respect has not changed.

NOW, THEREFORE, IT IS ORDERED that Mr. Vann's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 358) is DENIED.

DATED this 10th day of May 2023 at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

---

1B.  The same requirements remain under the proposed amendment.  See Amendments, at 11.

[8] The court also considers the fact that early release would allow Mr. Vann to reunite with his daughter who is currently in foster care.  Reply Br. at 2–3, 6.  While this weighs in favor of early release it does not by itself or in combination with all his circumstances establish extraordinary and compelling reasons.